No. 25,972.

H. O. Middlebrook, *Appellant*, v. J. E. Winterscheidt, Harold J. Winterscheidt, and The Golden Rule Mercantile Company, *Appellees.*

SYLLABUS BY THE COURT.

1. Trade-marks and Trade Names—*Infringement—Nature of Relief.* A judgment enjoining "The Golden Rule Mercantile Company," a newly-created corporation, from using the trade name of an older competing business in another town, "The Golden Rule Store," is modified so as to require the change of signs on the defendants' building.

2. Same. In other respects no change in the judgment is made.

Appeal from Brown district court; C. W. Ryan, judge. Opinion filed June 6, 1925. Modified.

*W. E. Archer,* of Hiawatha, for the appellant.

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, and *W. H. Crawford,* of Horton, for the appellees.

The opinion of the court was delivered by

Mason, J.: Since 1915 H. O. Middlebrook has operated a business in Hiawatha under the trade name of "The Golden Rule Store," selling dry goods, clothing, shoes and furnishings. For several years J. E. Winterscheidt, either alone or with a partner named Whelan, had a business known as the "W. & W. Store" at Horton, some fourteen miles away, in the same county, near the border, which handled the same lines. In March, 1923, the Winterscheidt concern was incorporated under the name, "The Golden Rule Mercantile Company." Middlebrook brought this action to enjoin the corporation and its managers from the use of that or a similar name in their business. Judgment was rendered restraining the defendants from using the words "Golden Rule Store" except in two signs already painted on their building. The plaintiff appeals from the refusal of the district court to extend the injunction so as to forbid the maintenance of the signs referred to and the use of the corporate name at all in the defendants' business. The defendants ask for an affirmance of the judgment as it stands.

1. The court found that the towns are in the same trade territory; that there was such similarity between the plaintiff's trade name and the names used by the defendants as to deceive and mislead the public to some extent and divert trade from the plaintiff

to the defendants; that the trade name adopted by the defendants "is in some small measure calculated to mislead the public and divert the trade from the plaintiff to the defendants and leads to some confusion of business of the two firms, not, however, unless in a very slight degree, except in the case of new or prospective customers, and then mostly in the outlying or fringe territory where plaintiff and defendants were not as well established and known as closer home." The reason for not enjoining the maintenance of the signs on the defendants' building was indicated by a recital that they "are expensive to replace and in location are not calculated to mislead or injure plaintiff."

In view of the findings, this court is of the opinion that the protection of the plaintiff from unfair competition required the discontinuance altogether by the defendants of the use of the name "Golden Rule Store," the name adopted by the plaintiff. The fact that the signs were expensive to replace is not a sufficient reason for permitting their retention, and while they were less likely to mislead and occasion confusion when placed on the defendants' store than in some other place, the difference is one of degree and is not regarded as a sufficient ground for allowing them to remain. This conclusion is the more readily arrived at because the president of the defendant corporation testified that the first reason for changing the name was "to get a better buying power from wholesale houses because of being a Golden Rule Store." His further examination showed that he did not mean that he had business connections with other stores, but that better prices were given by wholesalers to customers using that name. Moreover, there was some indication of a disposition on the part of the defendants to advertise in such a manner as to increase the probability of customers confusing the two stores, even when the phrase "Golden Rule Store" was not employed. We do not think, however, that the situation requires such a change in the judgment as to require the disuse of the full corporate name, "The Golden Rule Mercantile Company."

2. The plaintiff also requests a modification of the judgment so as to include an order against the imitation by the defendants of his advertising phrases, which he refers to as "slogans." That relief was not asked in the petition, and we do not think a change in that regard is required.

The costs were divided equally between the contestants. The plaintiff contends that the whole amount should have been taxed

to the defendants. The action being equitable, the apportionment lay in the discretion of the trial court, and we cannot say that it was abused.

The judgment is modified as indicated.